UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM KENNETH HENDERSON,

    Movant,

                                                                        File No. 1:11-cv-105

v.

                                                                         HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.

_____/

**O P I N I O N**

This matter comes before the Court on Movant William Kenneth Henderson's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

Movant was indicted on September 20, 2006, on the following charges: (1) two counts of distribution of more than 5 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), and (2) two counts of distribution of more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). *United States v. Henderson*, Case No. 1:06-cr-219 (Dkt. No. 1, Indictment). Movant pleaded guilty on January 19, 2007, and was sentenced on May 31, 2007, to a term of 156 months' imprisonment. (1:06-cr-219, Dkt. No. 50, J.) Movant did not appeal, and filed his § 2255 motion on January 28, 2011. (Dkt. No. 1.) The motion was amended on November 7, 2011. (Dkt. No. 4.)

**II.**

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that if it plainly appears from the face of the § 2255 motion, exhibits, and prior proceedings that the petitioner is not entitled to relief, the judge shall make an order for its summary dismissal. Upon this Court's consideration of the motion, it plainly appears that Movant is not entitled to relief because the motion is untimely. (Dkt. No. 1.) A threshold issue for § 2255 motions is whether the motion is filed within the one-year limitation period:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>     (1) the date on which the judgment of conviction becomes final;
>     (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>     (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In most cases, the one-year statute of limitations runs from the date on which the judgment of conviction becomes final. Judgment was entered in this case on May 31, 2007. (1:06-cr-219, Dkt. No. 50, J.) Because there was no direct appeal, the judgment of conviction became final when the time for filing a direct appeal expired, which was ten days

after the entry of judgment, or on or about June 10, 2007.[1] Movant had one year in which to timely file a motion under § 2255. This period expired on June 10, 2008. The instant motion was filed on January 28, 2011, over two and a half years after the statute of limitations expired. Accordingly, absent equitable tolling of the statute of limitations period, Movant's action is time-barred.

The one-year statute of limitations contained in § 2255 is not jurisdictional and it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A court "must accord the parties fair notice and an opportunity to present their positions" before a petition is dismissed sua sponte on statute of limitations grounds. *Day v. McDonough*, 547 U.S. 198, 210 (2006). On January 28, 2011, along with his motion under § 2255, Movant filed a motion for equitable tolling of the statute of limitations. (Dkt. No. 2.) Movant indicated in that motion that he understood the one-year statute of limitations and asked the court to "excuse the late filing" of his motion. (Dkt. No. 2, Mot. 3.) Therefore, Movant has had fair notice of the law and an opportunity to be heard on the issue.

The applicable limitations period is subject to equitable tolling, allowing courts to "toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Hall v. Warden, Lebanon Corr. Inst.*, --- F.3d ---, 2011 WL 5965837 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted)); *see Holland*

---

[1] *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004).

*v. Florida*, 130 S. Ct. 2549, 2560 (2010). Equitable tolling is granted "sparingly." *Robertson*, 624 F.3d at 784. A movant in a habeas petition is entitled to equitable tolling only if two requirements are met. First, the movant must establish "that he has been pursuing his rights diligently." *Holland*, 130 S. Ct. at 2562 (internal quotation marks omitted). Second, the movant must also show "that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (internal quotation marks omitted).

In his equitable tolling motion, Movant claims that his § 2255 motion should not be time-barred because Counsel failed to file a notice of appeal after being instructed to do so and because Movant was incorrectly sentenced as a career offender. (Dkt. No. 2, Mot. 2.) Movant's explanations fail to show either that he was diligently pursuing his rights or that extraordinary circumstances beyond his control prevented him from filing in a timely manner.

Movant has failed to meet the burden necessary to show either extraordinary circumstances or due diligence. Movant shows no egregious conduct on Counsel's behalf which would constitute extraordinary circumstances, and he has also failed to show what steps he himself took in diligent pursuit of his § 2255 claim. "[T]he party seeking equitable tolling must have acted with reasonable diligence throughout the period he needs to toll." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2010). Movant has not shown why he failed to take any steps towards filing a motion in the more than two and a half years between the expiration of the statute of limitations and his eventual date of filing. "Absent a satisfactory

explanation for his failure to timely file his habeas petition, Petitioner has failed to exercise due diligence in pursuing his claim." *Dunlap*, 250 F.3d at 1010. Because Movant did not act with reasonable diligence in pursuing his claim, he is not entitled to tolling of the statute of limitations. Accordingly, no evidentiary hearing is required and Movant's motion to vacate, set aside, or correct his sentence will be summarily dismissed as time-barred.

### III.

Pursuant to 28 US.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.

Dated: December 12, 2011            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    UNITED STATES DISTRICT JUDGE